On behalf of the appellant, Mr. John Lucas McNeil. On behalf of the appellee, Ms. Chade-Elise Edwards. Mr. McNeil. I'm Luke McNeil. I work for the Springfield Appellate Prosecutor's Office. I'll briefly go over the timeline of this case for the speedy trial argument. The defendant was charged by complaint with one count of aggravated battery in July 2018. About six weeks later, the state filed a two-count indictment. Both of these counts alleged identical conduct from the defendant in that she bit the finger of Officer Davis while knowing she's a correctional officer. The only difference in the two counts was one was an aggravated battery causing bodily harm, one was aggravated battery in contact with an insulting or provoking nature. At the arraignment in this case, the trial court stated to the defendant that these two counts were, quote, the same offense and that, quote, count number two is exactly the same as count number one, it's just a different way of charging it. After the two-count indictment, the defendant objected to every continuance of the state motion for it. Then on November 6th, the first possible day, the defendant filed a motion to dismiss the second count based on speedy trial violation. The state responded that the delays attributable to the defendant on count one were also attributable to the defendant on count two because this was not a new and additional charge. The trial court disagreed and specifically ignored the Supreme Court authority holding that notice was the primary factor and ability to prepare the defense were the primary factors in determining whether this was a new and additional charge. So the trial court ruled that a new element was added, that was the reason that it violated the speedy trial rule? Yes, that the new – this was a new and additional charge based on apparently the knowingly causing bodily harm versus contact of an insulting or provoking nature. You cite primarily Pupil v. Peters, but isn't Peters different? In Peters, the original and subsequent counts charged the same offense and the same elements for attempted murder. The only difference was that the subsequent charge was more factually specific as to where on the body the deputy received the gunshot wounds. Well, yes. Wouldn't you agree that here the subsequent charge of battery alleged a different element, insulting or provoking, rather than the original charge? I don't think it was different enough to impede the preparation of the defense. And I would argue that in Peters, different conduct is – the conduct in this case was identical from the defendant. Would it be different here if the original battery count had alleged insulting or provoking and the subsequent count alleged bodily harm? Would that make any difference? I don't think so because I think – I mean, and again, we don't know for sure, but it seems that the defendant's defense theory was going to be that she didn't bite this person at all, not that the – that it didn't cause bodily harm. That would have been observed in a biting case. So let me see if I can call out the essence of what you're saying. Obviously, a new element was added or an element was changed. You're saying that it's significant? Does it matter because the person was on notice that they were being charged with a battery? A battery – both accounts did allege the same conduct from the defendant. So, again, the primary factor to look at is whether this was a trial by ambush or if the state was attempting to put one over. There's really no reason in this case that there wasn't adequate notice, and we know subjectively that there wasn't adequate notice because the defendant seemed to be prepared before the state was. The defendant objected to every continuance after this two-count indictment was filed that the state moved for. If the state had gone to trial on the – hypothetically, if the state had gone to trial on the bodily harm and the deputy testified the defendant bit her, but she really didn't – there was no pain, could the state have asked for a lesser included or if not a lesser included for an alternative instruction that it was insulting or provoking conduct? I think in this case they could have because of the nature of the act, the biting. It's hard to imagine a bite that's not insulting or provoking. But it's also hard to imagine a bite that didn't cause bodily harm, especially – I mean, the little evidence we do know here is that the person instantly says, after the bite. So for purposes of preparation of defense and notice to defendant here, there was simply absolutely no reason for the trial court to not – I mean, the delay is attributable to the defendant on count one. There was absolutely no reason for them to find that they weren't attributable on count two. Again, looking at the timeline, this wasn't, as the trial court relied upon, a case where they added a more serious charge at the 11th hour of the speedy trial statutory period. This was added only six weeks later. And again, the state moved for continuances after the two-count indictment was filed. Let me ask you the following question. Is the issue of whether or not the defendant is prejudiced by the adding of the additional element or charge, is that a component in determining whether the speedy trial provision has been violated? Does the defendant have to show prejudice? Well, they have to show that they weren't put on notice of the additional count. But you almost seem to be suggesting, well, they didn't show they were prejudiced. They should have anticipated this. Well, they weren't. It was shown that prejudice is a pretty specific term. In this case, they were shown that there was adequate notice, which is what Woodrum and Phipps in the Supreme Court stood for, as well as Peters in this case, or from this court. In Peters, this court held that the defendant cannot successfully claim that the amended indictment created a trial by ambush, and therefore this court rejected the defendant's claim. And like in Peters, the defendant was aware he was being charged with shooting a police officer, but his defense was that he thought he was shooting at an intruder. Although the State alleges two theories here, or elements, only one conviction can be a direct. Right. One act, one crime. Right. Includes you can't have both bodily harm and insulting or provoking. It's one act. Right. How about the ‑‑ do you want to switch to your motion eliminated regarding the barring of the statement? That ‑‑ the first argument is clearly a de novo review because that's the facts aren't in dispute in that. I would submit that this argument is also a de novo review because the trial court used the wrong standard in balancing this evidence, used the wrong Rule 403 standard in balancing this evidence. The motion to recap the video, this is a video and audio recording of the alleged attack, it shows the defendant biting Officer Davis' finger, Officer Davis saying, ow, and then another officer saying, did she bite your finger, Officer Davis saying, yes. Why isn't the response yes to the question a prior consistent statement? Because it was an excited utterance. You mean, but it was in response to a question from another law enforcement officer videotaped and we presume that the deputies knew it was being recorded. They're in an area that they all know is being recorded. Why isn't that a testimonial statement? Well, I don't think ‑‑ I mean, I don't think they had time to reflect and fabricate as to them being ‑‑ I don't think that the ow and the affirmative answer from the victim was to make sure it got on video that she was saying that. I think it happened way too quickly for that to be considered. So you're saying both the ow and the yes are excited utterances? Yes. Not just the ow. No, no. That was permitted. The motion limiting was granted as to the question, which the question is not here to say. It's not offered for the truth of the matter asserted. The confirmation from Officer Davis that they did bite, yes, she bit my finger, that the question is there to provide context for her answer. This happened within a second of the biting in the video. Clearly this was an excited utterance. Officer Davis didn't have time to make up a story as to ‑‑ Why don't you start reading something into the excited utterance theory? The excited utterance theory was at one time sort of called a spontaneous declaration. Remember that? Yes. So think about that for a second, okay? Somebody yells ow in response to an infliction of an injury. Clearly excited utterance. You ask somebody a question, how is that ‑‑ when you answer a question, how is that a spontaneous declaration? You're responding to a pointed question. You're not just all of a sudden uttering something. You're answering a question. How is that spontaneous? Well, because in the context of this case it happened so quick. I mean, that's the point of the excited utterance. It has additional reliability because of no time, the absence of time to reflect or fabricate. Here this was all a ‑‑ Is that the single man? Is that the only consideration, the absence of time to fabricate? Well, in this case it would be the only thing to determine. I mean, the trial court determined that this was an excited utterance. Do you have any specific cases that hold that answering a question in this manner qualifies as an excited utterance? I mean, again, it would be hard to come up with an actual scenario identical to this one. But you don't? No. But the trial court in this case found that this question and answer was an excited utterance. They held that this was more prejudicial than probative. And, again, that's the wrong standard. The trial court ignored the prejudice has to be unfair prejudice. Let me ask you another pointed question. Are you familiar with the doctrine that says that we affirm the correctness, the conclusion at which the trial court arrived, not the trial court's reasoning? So if we were to decide that that would stand the trial court thinking that it was an excited utterance, that it wasn't, you'd still end up in the same place, wouldn't you? You would. And this court obviously has that authority. I just wanted to confirm that. But the fact remains that the trial court found that this was an excited utterance and granted the motion of limine based on an erroneous standard. The prejudice in this case was anything but unfair. This went to the ultimate issue of this case. This was the definition of relevance. This was a recording of the actual act that took place. Rule 403 states that evidence can be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice. The Gordon case I cited in my brief, it stated, of course, all evidence is prejudicial. Why would anyone put evidence up that didn't prejudice their opponent? So prejudice and probative value are synonymous. The court must only concern itself with that prejudice that's unfair. Prejudice that's unfair is prejudice that is for reasons that have nothing to do with the case on trial. This prejudice only came from the legitimate probative force of the evidence itself. And the trial court standard was they even said, well, this kind of resolves all the ultimate factual issues of the case. So were you all in on the prejudice versus the probative? Are you acknowledging that the court was right on the excited utterance? Yes, I think the court was right on the excited utterance. Again, this, if we can only, I mean, I don't, there's no case that holds only the first syllable that a person screams after an attack is an excited utterance. Here. But there are cases that hold that, for example, in 911 recording, the initial report is an excited, can be an excited utterance. But once you get into questioning, they're clearly intended to provide assistance that law enforcement investigative questions. Those are not excited utterances. Those are those are prior consistent statements that this testifies. I would submit that this obviously happened quicker than a 911 call or 911 response. That's after the fact. This was going, this was going on at the time. Let me ask you this. You claim in your brief, you claim that you, to read 613C, Rule 613C, as providing all prior consistent statements as substantive evidence, and that that would swallow up the hearsay exceptions in Rule 803. Yes. Are you aware of the recent amendment to Supreme Court rules that evidence regarding prior, to 613, evidence of prior consistent statements, which is now reads, except for a hearsay statement otherwise admissible under the evidence rules, a prior consistent statement goes on and discusses the prior consistent statements that is consistent with the clearant witness's testimony is admissible for rehabilitation purposes only and not substantively as a hearsay exception or exclusion. So they added the specific exception that would apply. They noted that there are exceptions. If it otherwise meets an exception, it comes in. And here, at trial, obviously, if there's an argument that there's been an improper influence or motive to testify falsely or the witness's testimony, an allegation that was recently fabricated, you could still get that statement in. So you'd have to wait to trial. But trial court's ruling was that it was not an excited utterance. The how was, but the answer to the question was not, correct? No. The trial court specifically held that the question and the affirmative answer was an excited utterance also. But they held that it was more prejudicial than probative. As Justice Hudson said, though, we can affirm the trial court for any basis supported by the record, correct? Correct. Well, why wouldn't what we just discussed fit the circumstances here that the outcome's in? And if there's some argument that there's a motive to testify falsely or allegation of recent fabrication, you get it in? Because is that my time? Go ahead. Because this was clearly admissible under the excited utterance exception of 803. And as the amendment, I think the amendment is making my argument statutory. From what you just said, I wasn't aware that 613 was amended. But when the trial court ruled on this, I don't believe the amendment was in effect. Was it a 2018 amendment? The amendment occurred September 17th, 2019. Okay. Obviously, yeah. But the rules aren't intended to codify existing law. This was existing law. It was just an oversight. So this has now been added to 613. But the rule was all the rules were intended to codify existing law. So in other words? With the exception of new rules. So if the hearsay exception applies, he could come in? Right. Yes. The rule says it clarifies the substantive admission of recognized hearsay exception. It's not prohibited by Rule 613C. Okay. It was never intended to eliminate the exception of the excited utterance. Okay. Which is the way we would read it. Right. But, again, the trial court did find it was an excited utterance. The State maintains that it clearly was. This was a course of events. This happened a mere second after the bite. And this continued to be an excited utterance. And, therefore, there was no reason for the trial court to find it was more prejudicial than appropriate. It was clearly fair prejudice. It hadn't been the appropriate course. Thank you. We only have time for one more. Ms. Edwards. Good morning, Your Honors. Counsel. My name is Shada Edwards, and I represent Defendant Apali Yolanda Moffitt. Now, starting with the motion to dismiss, I would first point out that the State conceived that the charges were subject to compulsory joinder because it was based on the same act, biting, and the State had knowledge of the underlying facts of the offenses. Let me ask you this. Yes. Do you think defense counsel, trial counsel, was surprised when the State added battery charge based upon insulting or provoking? As the State, excuse me, as this court recognized, the defendant does not need to show prejudice for this inquiry, but defense counsel did note that she was surprised on, I believe, page 65 of the record. She said the charges were surprising. And if new and additional charges are brought, those new and additional charges are subject to the same statutory limitation as their original charges. Are you aware of the Supreme Court's decision in the Phipps case? Excuse me? Are you aware of the Supreme Court's decision in the Phipps case? Yes, Your Honor. And that court held that the focus is on whether the original charge of instrument gave defendant adequate notice and, well, sufficient notice in order to adequately prepare for trial. That's precisely correct. So if somebody is charged with a physical act that causes bodily harm to somebody, wouldn't an injury that causes bodily harm to somebody inherently be also provoking and insulting? It's the act of making contact with the person that's the key here. You wouldn't have either theory unless there was an unlawful contact, correct? Yes. There has to be the striking of somebody, okay? That's a battle. So whether it causes bodily harm or merely insults or provokes them, doesn't that stem from the same operative facts? Why is that a totally new and different charge? It's a totally new and different charge because it is a different theory of the case, which means that the state is required to prove different elements. Let me ask you this. It's commonplace in murder trials, in robbery, theft, burglary, that the state, so long as the defendant is on notice of the charge, the state can alter its theory. The state can argue accountability when it's not charged in the indictment. In a first-degree murder case where the defendant is on notice that the murder occurred during the course of a robbery or a rape or a kidnapping, at the instruction conference, the state can ask for an instruction on felony murder even though felony murder was not charged. So why is this case different? If the state can ask for alternative theory instructions so long as the defendant has been placed on notice, where's the violation? Well, here is our position that the defense counsel was not placed on notice because they are known additional charges. Well, it's not an additional charge. It's the same charge. It's aggravated battery. There are different methods, different ways to prove aggravated battery. The state just added a different way to prove it that as opposed to bodily harm, they're going to also argue that the contact was insulting or provoking. So how is it different from murder? How is it different from murder based on intent to kill and then the state has felony murder? Different theory. But it's the same charge, correct? Yes. One act, one crime precludes entry of multiple convictions on the same act, correct? Yes. However, this issue isn't dictated by one act, one crime. It's about compulsory disjoinder. But it's not a new offense. It's the same offense. It's the same conduct, same offense. However, there were two bites, in other words. One bite, one act. Yes, Your Honor. It is one act, but that's because the compulsory disjoinder requires that it be based on the same act. Well, the compulsory disjoinder requires that the state cannot add new charges, new or additional charges. This is not a new or additional charge. And if you look at what the Supreme Court said in adopting the Williams analysis, the defendant has to show that there was some sort of surprise, that they were not placed on notice. And here, the defendant knew she had to defend against the act of biting, correct? Activated battery based on bodily harm. Yes, she was put on notice of that. And, again, I maintain that there are different elements because it is a different theory. The state had to prove bodily harm. They didn't have to prove that for insulting or provoking. And that is a defense that was available specifically for that theory that was essentially taken off the table when they added this new and additional charge a third into the way, over a third into the way of the 120-day period that they elected upon. If we were to interpret the speedy trial statute that way, whenever the state learned of some additional theory or that maybe their original charge on the same conduct was in error, they can't alter their theory. Is that your argument, that the state's precluded, as long as the speedy trial statute is running, they can't alter their theory once the 120 days is run? That's your argument, basically, right? My argument is that they had 120 days. It was the same act. And they had knowledge from the outset. This wasn't a situation where they didn't have all of the information in front of them. They had all the facts at the outset. And they decided not to charge both when they certainly could have at the outset. And this was alluded to a little earlier that it's almost inconceivable or it's arguably inconceivable that a contact that causes bodily harm would not also be insulting or provoking. Well, that would also mean that it is arguably more serious because it's harder for the defendant to defend against. I'm sorry, which is more difficult? It's more difficult for the defense to defend against that because it's more broad. That meaning what theory? Both theories? You're talking about you're conflating both theories? I'm sorry, I missed your point. Can you clarify it, please? Sorry. The insulting and provoking charge, since it is difficult to conceive of a contact that is not insulting and provoking. A bite that is a bite causing bodily harm is necessarily insulting or provoking, correct? Based on the totality of the circumstances, it's certainly harder to defend against. Well, whatever circumstances. I mean, if someone's bitten and it causes bodily harm, I mean, it would have to be insulting or provoking, correct? Depending on the circumstances, again. All right. Go ahead. I don't want to belabor. So your point is? My point is that because they did have this information at the outset and didn't charge it, it is very likely that they added this simply to bolster their chances at a conviction because based on the circumstances of this case where the defendant is visually impaired, physically impaired, and the officer had on gloves and was in contact with her face, it is hard, again, it may have been an attempt to bolster their chances at a conviction. Yeah, but you're looking at it from the wrong perspective. The issue is whether or not there was notice to the defense, sufficient notice, that they could adequately prepare for trial on those charges. And I'm struggling to figure out what the preparation to defend would have been different on insulting and provoking. If you taskfully conceded, any bite would inherently be insulting and provoking as well as, you know, if there was physical damage. How would the defense against that act be different under either theory? The person didn't do it? Well, if they didn't do it, it wouldn't affect either theory, would it? Well, we, from the record, it's not clear what the possible defense was going to be. But if the only charge was aggravated battery based on bodily harm, then bodily harm was certainly an avenue that they could have taken, that there was no bodily harm. And McBride and Bale are demonstrative of that. Those defendants were both charged with aggravated battery based on bodily harm only. And they were acquitted of those charges because the state failed to prove that those defendants caused bodily harm. Those cases are different because that theory was not presented to the jury, correct? Correct. It was argued for the first time on appeal by the state. That's not the case here. The state added the charge prior to trial. So those cases, you would agree, would you not, that they're not directly on appeal? They are variance cases, so they're not about compulsory rejoinder or a speedy trial. However, they do demonstrate the differences between aggravated battery based on bodily harm and aggravated battery based on insulting and provoking. They're different elements. Justice Hudson asked you about the Phipps case. Yes. How do you distinguish Phipps? Well, Phipps was somewhat of a unique situation. Here it's distinguishable because it's not a simple recharacterization or renaming, relabeling of the offense. That case, the elements were the same. The conduct was the same. The name of the offense was just different. So this is distinguishable from Phipps, from Peters, which was simply an attempt to specify what body part, and it's distinct from Woodrum, which was merely a correction, just adding in for no other legal purpose or something to that effect. The court said in Phipps the purpose of the rule is to prevent trial by ambush. And so long as the defendant is on notice and can be adequately prepared, then there's not a violation. Again, I just don't understand the argument that the defendant was not on notice, that a bite could also be insulting or provoking. The new and additional inquiry is not a distinct inquiry from the notice issue. Determining whether a charge is new and additional is determining whether the defendant had adequate notice because it's based on the original charging instrument. It's not whether the defendant had adequate notice sometime within the 120-day period. The defendant, as all criminal defendants, are entitled to 120 days by the speedy trial statute. And compulsory joinder requires that if new and additional charges are brought, then they are subject to that same limitation as the original charging instrument. And compulsory joinder was enacted to prevent the piecemeal prosecution of multiple offenses, and that's what we have here, inadvertent or not. And further, the Williams rule is to prevent the state from surprising a defendant with new and additional charges. If they're new and additional, it cannot be assumed that they're not surprised. Let's turn to the evidentiary issue. The trial court found that the statement, how, and then the response to the question, yes, did she bite the yes, that they were excited utterances but excluded the yes. Correct? Yes. Are you familiar with the amendment to the Supreme Court, Eleanor Rules of Elevation 613C? Yes, I am. So the trial court then, if you look at what the trial court said, he found it was an excited utterance, correct? Yes. So under 613C, why would it not come in? Because it's an exception to the hearsay rule and it's not a prior consistent statement. Well, Your Honor, I acknowledge the change to Rule 613C and the trial court's finding and do not contest that finding. However, regardless, the outcome remains the same because of Rule 403. And Rule 403 bars relevant, otherwise relevant evidence if it's a needless presentation of cumulative evidence. Here, this is cumulative. And the trial court found that it was cumulative on page 95. He found it was cumulative in a prior consistent statement. How was it cumulative? Excuse me? How was the answer, yes, cumulative? That was cumulative of the out? The question and answer, both were barred. So the did she testify to, yes. Well, do you agree that it was cumulative? Yes, because in this case, the lieutenant who posed the question, he was available to testify. The victim who was allegedly bitten, she was available to testify. And we also have this video that we have all this other evidence that is available to the state that is equally, if not more, appropriate. Because at this court noted, there is an argument that that was testimonial because it was recorded. And because the question and answer is needlessly cumulative, we would ask this court to affirm both the trial court's order granting the motion to dismiss and partially granting the motion to eliminate. Thank you. The court thanks both parties for your arguments today. The case will be taken under. I'm sorry. Do you have anything else to say? It's almost lunch. I'll make it quick. That was it. It's 12 o'clock. As for the cumulative nature that I pointed out, the Fifth District case pointer in my brief, they stated because about excited utterance, because the statement was made under circumstances in which there is no time to reflect or fabricate, it has additional reliability and is therefore not merely corroborative of the complainant's trial testimony. This is not – this isn't cumulative because it's a different situation. This is not just a rehash of what happened, which is what the trial testimony would be. This would be a video showing the act as it happened. So it's clearly not cumulative. It's its own thing, this excited utterance. And they pointed out also excited utterances are considered to have sufficient reliability so as to admit testimony in these statements, even where the declarant is not a party to the proceeding or not in court. So to the extent that these statements are not considered hearsay because the witnesses have heard them and the declarant are all in court, there is even less reason to exclude these statements. And I stand by that logical authority and pointer. Here, the excited utterance was not cumulative, even if we assume that Officer Davis testifies exactly as we expect her to at trial. Justice Burkett mentioned, and I just now thought of it looking at this, the first argument from the State's perspective. We have to remember what we're asking here. This is only new and additional charge. Argument is only to attribute delay attributable to defendant on the first count to the second count. There's really no, and I still can't think of any reason why that wouldn't be attributable to defendant on the second count, especially in this case, because there was clearly no surprise. And we know that for a fact because defendant objected to every continuance the State had after this two-count indictment. The point is this is a prevention of trial by ambush. There clearly was no attempt at trial by ambush here, and there was no inadequate notice for defendant to prepare her defense as to the two-count indictment. Rule 403, as I stated before, the prejudice has to be unfair, and the court ignored the fact that the prejudice here was anything but unfair. This was from the legitimate code of force of the evidence. And therefore, because they employed the wrong standard as to the rule 403 balancing test, this court's review of that under a de novo standard instead of abuse of discretion. And if there are no more questions, I thank the Court. Thank you. Now I will thank both parties for the quality of their arguments today. The case will be taken under advisement. A written decision will be issued in due course.